GARRARD, Judge,
concurring in part and dissenting in part.
While I concur with parts I and II of the majority opinion, I dissent as to part III concerning the merger of the burglary and the criminal recklessness convictions.
It is well established that, generally speaking, a defendant may be properly convicted of both burglary and the underlying felony intended in the burglary. The supposed complicating factor in this case is the provision of IC 35-43-2-1 which enhances the offense to a Class A felony if it results in bodily injury to someone other than the accused.
In this case I do not find that double jeopardy prevents both conviction for the burglary and for the two criminal recklessness counts.
The burglary was completed when Weemes broke and entered the dwelling with intent to commit a felony and the enhancing factor occurred when the victim was wounded.
The criminal recklessness statute, IC 35-42-2-2(b)(l), for the Class D felony merely required that Weemes recklessly, knowingly or intentionally perform an act that created a substantial risk of bodily injury to another person, while armed with a deadly weapon. This he did when he fired through the door of the house and again when he fired through the door of the closet. Whether or not he actually injured anyone was not an element of either offense.
*833 The judgment should be affirmed in its entirety.